UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE FERNANDEZ,<br><br>                    Plaintiff,<br><br>          v.<br><br>PETE BUTTIGIEG,<br><br>                    Defendant. | No. 2:23-cv-01165-DAD-CKD (PS)<br><br><br>ORDER |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).  However, because venue does not lie in this district, the court orders that this action be transferred to the United States District Court for the Western District of Washington.

I.       Complaint

Plaintiff sues the U.S. Secretary of Transportation (currently, Pete Buttigieg) for violations of the Americans with Disabilities Act and Title VII that arose during plaintiff's employment with the Federal Aviation Administration (FAA) in Renton, Washington.  (ECF No. 1.)  Plaintiff was stationed in Rancho Cordova, California between October 31, 2009 and July 10, 2010 and currently lives in Sacramento California.  (Id. at 2, paras. 3.1 at 4.3.)  Both Rancho

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

1 Cordova, California and Sacramento, California sit within this district.  However, the complaint
2 alleges violations that occurred while plaintiff was stationed in Renton, Washington, which lies in
3 the Western District of Washington.  (See id at 2-7, paras. 4.4-4.41.)

II. Venue

Under the federal venue statute, a plaintiff may bring a civil action in (1) a judicial district in which any defendant resides (if all defendants are residents of the state in which the district is located); (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b).  Here, the defendant is located in Washington D.C.  (ECF No. 1 at 2.) The events giving rise to the allegations occurred in the Western District of Washington.  (Id. at 1-7.)  The complaint's allegations do not establish that a substantial part of the events or omissions giving rise to the claim occurred in this district. 28 U.S.C. § 1391(b)(2).[2]  Therefore, venue does not properly lie in this district. See 28 U.S.C. § 1391(b).

Under 28 U.S.C. § 1406(a), a district court may "transfer a case brought in the wrong division or district" if it is "in the interest of justice" to do so.  When dismissal of an action for improper venue would terminate rights without a hearing on the merits because plaintiff's action would be barred by a statute of limitations, "the interest of justice" requires that the cause be transferred.  Burnett v. New York Cent. R. Co., 380 U.S. 424 (1965); see also Lansing v. Feast at Lele, 2009 WL 800228, *5 (E.D. Cal. 2009) (despite error on the part of the plaintiff's counsel, the court transferred case, because dismissal "would prevent evaluation of plaintiff's claims" as the statute of limitations had run). Title VII claims, which plaintiff's complaint alleges, must be instituted within 90 days of the receipt of the final agency decision. See 42 U.S.C. § 2000e-16(c) (once the agency has made a final determination internally, the applicant may file suit against the

---

[2] Plaintiff acknowledges that the alleged acts occurred in the Western District of Washington but asks this court to find venue proper in the Eastern District of California because "technology and equipment is such that all parties may be present virtually or in person."  (ECF No. 1 at 2.) The court is not authorized to grant such a request. Even though virtual appearances are possible, plaintiff must still meet the venue requirements of 28 U.S.C. § 1391(b) in order for venue to be proper in this court.

2

agency "within 90 days of receipt of notice of final action"). Assuming without deciding that plaintiff's Title VII action was timely filed, the interests of justice thus support transfer under 28 U.S.C. § 1406(a) rather than dismissal for improper venue.

Because the alleged events giving rise to plaintiff's claims occurred in the Western District of Washington, the court orders that this action be transferred to the U.S. District Court for the Western District of Washington pursuant to 28 U.S.C. § 1406(a).  In transferring this action, this court expresses no opinion regarding the merits of plaintiff's claims.  Plaintiff is instructed to direct any further filings or inquiries related to this case to the United States District Court for the Western District of Washington.  Further documents filed in the Eastern District of California related to this case will be disregarded.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. This action, including the pending motion to proceed in forma pauperis, is TRANSFERRED to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1406(a).
2. The Clerk of the Court shall close this case.

Dated:  October 25, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21,fern.1165

3